KUNIGUNDA GEBEL

*v.*

CAROLINE WEISS et al.

In 1875 lands were conveyed to " Peter Weiss and Kunigunda, his wife," who is the complainant, and was married to Peter in 1872; she paid all the purchase-money, and also for the subsequent improvements, out of her own moneys. They occupied the premises until his death, in 1881. At the time of her marriage to him, and up to the time of his death, she believed that she was lawfully married to him. After his death, she discovered that he had a wife living, in 1872, when he married her, and that the former wife and two children by Peter are still living.—*Held*, (1) that complainant is entitled to a decree establishing her title to the whole of the property, on the ground that she paid all the consideration, and understood that under the deed she was to have the property in case she should survive Peter, and also on account of Peter's fraud upon her in marrying her and inducing her to believe that he was her lawful husband, but for which belief his name would not have been

inserted in the deed; (2) that while complainant could not testify as to any statements or transactions with Peter in reference to the premises, she was competent to prove that she paid therefor with her own money, and also for the betterments, and that Peter contributed nothing therefor.

---

Bill for relief. On final hearing on pleadings and proofs.

*Mr. Carl Lentz,* for complainant.

*Mr. F. E. Blackwell* (of New York), for defendants.

THE CHANCELLOR.

The complainant was married to Peter Weiss on the 11th of February, 1872. They lived together until October 9th, 1881, when he died. John Zipfel, by deed dated February 27th, 1875, conveyed to them in fee a lot of land in Newark. The conveyance was made to " Peter Weiss and Kunigunda, his wife," and the consideration was $2,040, of which sum $440 were paid in cash on the delivery of the deed, and for the rest, $1,600, a mortgage was given by them to Zipfel, payable in five years from date (the date of the deed), with interest. The mortgage was canceled January 2d, 1878, although it was not due until February 27th, 1880.

The complainant had three children by Weiss, two of whom are still living. After Weiss's death, she learned that when he married her he had a wife, the defendant, Caroline Weiss, living. She brings this suit against the latter and her two children to get a decree assuring to her the title to the whole of the property, on the ground that the property was paid for entirely with her own money, and that the fact that Weiss's name was inserted in the deed as one of grantees was due solely to his fraud in marrying her and inducing her to believe that he was her lawful husband. She swears that the whole of the purchase-money of the property was paid with her money. When asked why the title was taken in the names of both herself and Weiss, as her husband, she answers that the scrivener told her that after Weiss's death the property would be hers. The scrivener supposed that

the deed was to husband and wife as grantees, when, in fact, no lawful marital relation existed between her and Weiss. But she and the scrivener both thought that it did. The complainant swears that she paid the greater part of the consideration with money which she received from her father, and she is corroborated in that statement by the testimony of her sister and brother-in-law. She swears that of the cash ($440) paid on the delivery of the deed, she drew $410 from the savings bank in which it was deposited in her own name, and in this she is corroborated by the books of the bank. When he married her (in 1872) Weiss had no money. He appears to have been working at his trade for small weekly wages (he was a workman in a tailor's shop) up to February, 1873, and although he carried on the business of manufacturing clothing in the house upon the property in question, yet he was too ill to conduct business for four years before his death, that is, after 1877. So that he carried on that business there for only about two years.

It does not appear that he paid any part of the purchase-money of the property with the proceeds of that business, and it does not seem probable that he did so. After he became ill, complainant herself conducted the business. She not only paid her money for the property, but also for the repairs and improvements which were put upon it after the purchase. And she did it all in the belief that she was the lawful wife of Weiss, and she accepted the conveyance made to him and her as husband and wife because she believed that that relation in fact existed between them, and that in case she should survive him the property would be wholly hers. Those who claim under him have no better claim to the property than he would have. The law of evidence prevents her from testifying to his statements or to his transactions with her in reference to the matter, and so far she is under disadvantage. She is competent to prove the fact that she bought the property, and that she paid for it and for the improvements and repairs with her own money, and that Weiss neither paid for them nor paid anything on account of them. The transaction in question in this suit is the purchase of property by her, and the necessity of seeking relief arises

from his fraud in marrying her. Through his deceit, and only through his deceit, his name was inserted in the deed as one of the grantees; and indeed it may be added that but for his fraud she would not have invested her money in the property at all. It was to get a home for him and her and their children that, in the belief that she was his lawful wife, she bought the property. It may be added that the deed itself is evidence of an agreement between the parties that the conveyance was to be so drawn that she should be sole owner of the property in case she should survive him. And she now asks that under the circumstances, that agreement may be effectuated in equity. Obviously, Weiss would not have been permitted to retain the interest in the property which he obtained by his gross fraud upon her. Neither can the defendants be permitted to hold it. There will be a decree in favor of the complainant. The defendants were admitted to defend *in forma pauperis*. No costs will be awarded.